Last Updated: February 2016

FORM 1 (ND/SD MISS. DEC. 2015)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

Ivan Rodriguez and                                                                                    **PLAINTIFFS**
Selina Rodriguez


V.                                                               CIVIL ACTION
                                                                 NO.  **1:16cv391-LG-RHW**

United Rentals (North American), Inc., *et al*.                                          **DEFENDANTS**


# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

IT IS HEREBY ORDERED:

1. **ESTIMATED DAYS OF TRIAL:**                    12

   **ESTIMATED TOTAL NUMBER OF WITNESSES:**      20-25

   **EXPERT TESTIMONY EXPECTED:**  Yes      **NO. OF EXPERTS:**        8-10



2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].**

   At the time this Case Management Order is offered it does not appear that alternative dispute resolution techniques will be used in this civil action.


   Additional Information:


3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.**

   The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. DEC. 2015)

**4.  DISCLOSURE.**

The following additional disclosure is needed and is hereby ordered:

The parties shall complete pre-discovery disclosures no later than September 1, 2017.

**5.  MOTIONS; ISSUE BIFURCATION.**

Staged resolution, or bifurcation of the issues for trial in accordance with FED. R. CIV. P. 42 (b) will not assist in the prompt resolution of this action.

Statement Not Applicable.

**6.  DISCOVERY PROVISIONS AND LIMITATIONS.**

**A.**     Interrogatories are limited to  30     succinct questions.

**B.**     Requests for Production are limited to  30     succinct questions.

**C.**     Requests for Admissions are limited to  30     succinct questions.

**D.**     Depositions are limited to the parties, experts, and no more than

   5     fact witness depositions per party without additional approval of the Court.

**E.**     The parties have complied with the requirements of Local Rule 26(e)(2)(B) regarding discovery of electronically stored information and have concluded as follows [The parties MUST state whether or not there is ESI and, if so, how they propose to address it]:

ESI does exist in this matter, The parties will make reasonable efforts to produce such ESI in a format that is convenient for both parties. In the event a conflict arises regarding the production of ESI, the parties will confer regarding how to exchange such information in a cost effect manner.

**F.**   The court imposes the following further discovery provisions or limitations:

[✓]   1. The parties have agreed that defendant may obtain a Fed. R. Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court.

[✓]   2. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court.  Further, the disclosures are not waived in any other federal or state proceeding.

[✓]   3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

[✓]   4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by F.R.Civ.P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by F.R.Civ.P. 16(b)(3)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

[ ]   5. Other:

Form 1 (ND/SD miss. dec. 2015)

Additional Provisions:

**7. Scheduling Deadlines**

**A. Trial.** This action is set for  JURY TRIAL

beginning on:  November 5, 2018 , at  9:00 ,  a.m. , in  Gulfport ,

Mississippi, before United States  District  Judge  Louis Guirola, Jr. .

ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

**B. Pretrial.** The pretrial conference is set on:  October 24-25, 2018 , at  9:00 ,  a.m. ,

in  Gulfport , Mississippi, before United States  District

Judge  Louis Guirola, Jr. .

**C. Discovery.** All discovery must be completed by:  May 3, 2018 .

**D. Amendments.** Motions for joinder of parties or amendments to the pleadings must be

filed by:  September 12, 2017 .

**E. Experts.** The parties' experts must be designated by the following dates:

**1.** Plaintiff(s):  December 1, 2017 .

**2.** Defendant(s):  February 1, 2018 .

FORM 1 (ND/SD MISS. DEC. 2015)

8. **MOTIONS.**   All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: May 17, 2018            .The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

A SETTLEMENT CONFERENCE is set on: August 28, 2018            , at 9:30      , a.m.      in Gulfport           , Mississippi, before United States Magistrate         Judge Robert H. Walker        .

Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are required to be present at the conference unless excused by the Court. If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

10. **REPORT REGARDING ADR.**   On or before (7 days before FPTC) October 15, 2018          , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply.   *See L.U.Civ.R.83.7(f)(3).*

**SO ORDERED:**

August 2, 2017           

DATE

/s/ Robert H. Walker

UNITED STATES MAGISTRATE JUDGE