IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IVAN RODRIGUEZ AND
SELINA RODRIGUEZ                                                                       PLAINTIFFS

v.                                                          CAUSE NO. 1:16-CV-391-LG-RHW

UNITED RENTALS (NORTH AMERICA), INC.;
CHEVRON U.S.A., INC.; SHIELD RESTRAINT
SYSTEMS, INC.; CNH INDUSTRIAL AMERICA,
LLC; BURLINGTON INSTALLATION CORP.;
AND JANE DOES A; B; C; AND D                                                     DEFENDANTS

AND

MOBLEY SAFWAY SOLUTIONS, LLC
F/K/A MOBLEY INDUSTRIAL SERVICES, INC.
AND CHUBB                                                                                  INTERVENORS

## ANSWER TO INTERVENORS' COMPLAINT

**COMES NOW** Defendant Shield Restraint Systems, Inc., by and through its counsel of record, and files its *Answer to Intervenors' Complaint*, respectfully stating as follows:

## AFFIRMATIVE DEFENSES

Shield Restraint Systems, Inc. (hereinafter "this Defendant") asserts the following affirmative defenses in response to the *Intervenors' Complaint*:

## FIRST DEFENSE

Intervenors' *Complaint*, in whole or in part, fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## SECOND DEFENSE

Intervenors failed to join an indispensable party and their *Intervenors' Complaint* should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7).

1

## THIRD DEFENSE

This Defendant asserts all defenses available to it pursuant to the Mississippi Rules of Civil Procedure 8 and 12 and Federal Rules of Civil Procedure 8 and 12 and reserves the right to offer proof in support of any defenses which may apply to this case.

## FOURTH DEFENSE

This Defendant adopts and incorporates by reference its *Answer* to Plaintiffs' *Second Amended Complaint* as affirmative defenses to the *Intervenors' Complaint*.

## FIFTH DEFENSE

Intervenors are not entitled to attorneys' fees, expenses, and/or costs as a matter of law.

## SIXTH DEFENSE

This Defendant reserves the right to plead and prove such other defenses as may become known to it during the course of discovery and investigation.

## SEVENTH DEFENSE

This Defendant incorporates herein by reference any and all applicable defense that may have or will be asserted by any other Defendant to this action, to the extent that said defenses are not inconsistent with this Defendant's position.

## ANSWER

**AND NOW**, having set forth the above affirmative defenses, this Defendant answers the *Intervenors' Complaint*, paragraph by paragraph, as follows:

**I.** This Defendant adopts and incorporates its *Answers* to Plaintiffs' *First Amended Complaint* and *Second Amended Complaint* as if fully copied herein.

**II.** The statements made by Intervenors' in ¶II of their *Intervenors' Complaint* is an admission by Intervenors that jurisdiction and venue are proper before this Court in this action, and do not require a response from this Defendant. To the extent a response is necessary, this

Defendant is without knowledge or information sufficient to form a belief as to the extent of such allegations and accordingly denies and demands strict proof of the same.

**III.** This Defendant admits the allegations in ¶III of the *Intervenors' Complaint*

**IV.** This Defendant admits that this action is based on an August 4, 2016 accident where Plaintiff Ivan Rodriguez suffered injuries while operating a tractor at the Chevron refinery in Pascagoula, Mississippi. This Defendant further admits that Plaintiffs allege that Plaintiff Ivan Rodriguez's injuries and damages were a direct and proximate result of negligence by the named Defendants in this action and that the named Defendants have denied and disputed liability for Plaintiffs' injuries and damages. This Defendant denies that it is in anyway liable for Plaintiffs' injuries and/or damages.

**V.** This Defendant is without knowledge or information sufficient to form a belief as to the extent of the allegations in ¶V of the *Intervenors' Complaint* and accordingly denies and demands strict proof of the same.

**VI.** This Defendant admits that Intervenors have been allowed to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a)(2). This Defendant further denies the remaining allegations in ¶VI of the *Intervenors' Complaint*.

In response to the "WHEREFORE" paragraph immediately following ¶VI of the *Intervenors' Complaint*, this Defendant denies that it is liable to the Plaintiffs and/or Intervenors and denies that Plaintiffs and/or Intervenors are entitled to any relief from this Defendant under any theory at law or in equity.

Except as expressly admitted, denied, or otherwise responded to, this Defendant denies all allegations in the *Intervenors' Complaint*.

**WHEREFORE PREMISES CONSIDERED,** and having asserted its affirmative defenses and responded to the *Intervenors' Complaint*, paragraph by paragraphs, this Defendant requests the following:

a. that Intervenors be denied any and all relief, including damages of any kind, nature, or description, costs, attorneys' fees, and any relief whatsoever;

b. that upon a hearing on the merits, the Court dismiss the *Intervenors' Complaint* against this Defendant with prejudice, with all costs of litigation to be assessed against Intervenors; and

c. that this Defendant be awarded any and all other and further relief that this Court deems appropriate.

**RESPECTFULLY SUBMITTED,** this the 17th day of August, 2017.

                        **SHIELD RESTRAINT SYSTEMS, INC., DEFENDANT**

                        /s/ *Benjamin E. Griffith*
                        Benjamin E. Griffith, MS Bar No. 5026
                        Lauren E. Ward, MS Bar No. 105019
                        *Attorneys for Shield Restraint Systems, Inc.*

Of Counsel:

**GRIFFITH LAW FIRM**
P.O. Box 2248
Oxford, MS 38655
Phone: (662) 238-7727
Fax:    (866) 493-4220
ben@glawms.com
lauren@glawms.com

**CERTIFICATE OF SERVICE**

      I, Benjamin E. Griffith, counsel for Defendant Shield Restraint Systems, Inc. in the above cause, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer to Intervenors' Complaint* to be delivered by electronic service through the ECF system to the following:

Judy M. Guice
judy@judyguice.com
Sarah Reese
sarah@judyguice.com
Corban Gunn
corban@corbangunn.com
*Attorneys for Plaintiffs*

John A. Earnhardt
jearnhardt@maynardcooper.com
Bryan A. Coleman
bcoleman@maynardcooper.com
*Attorneys for United Rentals (North America), Inc.*

Edwin S. Gault, Jr.
Win.Gault@formanwatkins.com
James L. Banks, IV
Jake.Banks@formanwatkins.com
*Attorneys for Chevron U.S.A., Inc.*

Nicholas C. Pappas
npappas@fbtlaw.com
Richard P. Salloum
rps@frslaw.com
Maureen A. Bickley
mbickley@fbtlaw.com
*Attorneys for CNH Industrial America, LLC*

John Stuart Robinson, Jr.
srobinson@wellsmar.com
Richard Gerald Norris, II
rnorris@wellsmar.com
*Attorney for Burlington Installation Corp.*

Roy A. Smith, Jr.
rsmith@danielcoker.com

Ginger M. Robey
grobey@danielcoker.com
*Attorneys for Intervenors*

Dated this the 17th day of August, 2017.

/s/ *Benjamin E. Griffith*
Benjamin E. Griffith