IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| IVAN RODRIGUEZ and SELENA RODRIGUEZ | PLAINTIFFS |
| v. | CAUSE NO. 1:16CV391-LG-RHW |
| UNITED RENTALS (NORTH AMERICA), INC.; CHEVRON U.S.A., INC.; SHIELD RESTRAINT SYSTEMS, INC.; CNH INDUSTRIAL AMERICA, LLC; BURLINGTON INSTALLATION CORP.; and JOHN DOES A, B, C, and D | DEFENDANTS |
| and | |
| MOBLEY SAFWAY SOLUTIONS, LLC, formerly known as Mobley Industrial Services, Inc.; and CHUBB, formerly known as ACE American Insurance Company | INTERVENORS |

**ORDER GRANTING BURLINGTON INSTALLATION
CORP.'S MOTION FOR SUMMARY JUDGMENT**

**BEFORE THE COURT** is the [292] Motion for Summary Judgment filed by the defendant Burlington Installation Corp. The plaintiffs, Ivan Rodriguez and Selena Rodriguez, filed a [306] Response in which they concede that, "despite extensive effort, neither Plaintiffs nor Defendants have identified fault on the part of [Burlington]." (Pls.' Resp. 1, ECF No. 306.) None of the other parties have filed a response to the Motion or requested additional time to conduct discovery, but some of the other parties refused to sign a stipulation agreeing to the dismissal of

Burlington. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion for Summary Judgment filed by BIC should be granted.

## BACKGROUND

The plaintiff Ivan Rodriguez suffered serious injuries in an accident involving a front-end loader while he was working for the intervenor Mobley. The plaintiffs' Amended Complaint alleges:

> On August 4, 2016, Ivan[ ] operated the loader to collect and transport empty grit bags. During the transport, the grit bag(s) came out of the bucket, and suddenly and without warning, one end of the grit bag wrapped around Ivan's left leg. The other end of the grit bag caught under the left rear tire of the loader causing Ivan to be pulled out of the operator's seat to the left. At that time, the seat belt became unlatched allowing Ivan to be pulled out of the left side of [the] operator's seat of the loader to the ground below. The loader ran over Ivan's head and neck. As a direct result of the [sic] being run over by the loader, Ivan suffered serious life-altering injuries, including but not limited to paralysis from the chest down.

(2d Am. Compl. 4, ECF No. 86.) The plaintiffs filed a claim for strict liability in tort/negligence against BIC, alleging that "[a]t all material times hereto, Burlington was responsible for configuring and equipping the loader in question." (*Id.* at 11.)

## DISCUSSION

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of

material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. Factual controversies are resolved in favor of the non-moving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Ultimately, the movant has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

In Burlington's sworn interrogatory responses it stated, "[Burlington] did not manufacture[ ] or install the seat or seat belt assembly" on the front end loader at issue. (Def.'s Mot., Ex. E at 1, ECF No. 292-5.) Burlington also described the work it did in configuring the front end loader:

> With regard to the seat and seat belt assembly specifically, [Burlington] noted the presence of each; noted that there was no loose or missing hardware; checked the width of the seat belt and confirmed it to be three inches wide, as specified on the factory build sheet; checked that there was no damage to the seat exterior; tested the seat function to ensure it pivoted and latched at each position; and checked the seat belt to ensure the mounting bolts were snug and that the belt

latched properly around the operator. No issues were found to exist
with the seat or seat belt assembly.

(*Id*. at 3-4.) The plaintiffs responded to Burlington's Motion for Summary Judgment, stating, "Plaintiffs agree that, despite extensive effort, neither Plaintiffs nor Defendants have identified fault on the part of BIC." (Pls.' Resp. 1, ECF No. 306.) The plaintiffs further explained:

> [Burlington] is not a party at fault as defined in Mississippi Code Annotated § 85-5-7. Accordingly, it is entitled to summary judgment. Plaintiffs are likewise entitled judgment as a matter of law as to any allocation of fault to [Burlington]. While Plaintiffs are not aware of any evidence that created a genuine issue of material fact on these issues -- and their counsel have worked hard to uncover any -- should any Defendant have such evidence to present in response to the [Burlington] motion, they must do so now.

(*Id*. at 2.)[1] None of the defendants responded to Burlington's Motion for Summary Judgment or provided any evidence or testimony indicating that Burlington was at fault, and the deadline for doing so has expired. As a result, the Court finds that there is no genuine issue of material fact such that Burlington is entitled to judgment as a matter of law.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [292] Motion for Summary Judgment filed by the defendant Burlington Installation Corp., is **GRANTED**. The plaintiffs' claims against Burlington Installation Corp. are hereby **DISMISSED WITH PREJUDICE**.

---

[1] Allocation of fault is the subject of a separate motion for summary judgment, and the Court will address that issue once the parties have fully briefed the Motion. Burlington has requested expedited review of its Motion because upcoming depositions, the deadline for preparing expert designations, and other deadlines would cause Burlington to incur significant expense.

**SO ORDERED AND ADJUDGED** this the 28th day of August, 2018.

                                                          s/ *Louis Guirola, Jr.*
                                                          LOUIS GUIROLA, JR.
                                                          UNITED STATES DISTRICT JUDGE