# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| IVAN RODRIGUEZ and SELENA RODRIGUEZ | PLAINTIFFS |
| v. | CAUSE NO. 1:16CV391-LG-RHW |
| UNITED RENTALS (NORTH AMERICA), INC.; CHEVRON U.S.A., INC.; SHIELD RESTRAINT SYSTEMS, INC.; CNH INDUSTRIAL AMERICA, LLC; BURLINGTON INSTALLATION CORP.; and JOHN DOES A, B, C, and D | DEFENDANTS |
| and | |
| MOBLEY SAFWAY SOLUTIONS, LLC, formerly known as Mobley Industrial Services, Inc.; and CHUBB, formerly known as ACE American Insurance Company | INTERVENORS |

## AMENDED ORDER GRANTING CHEVRON U.S.A. INC.'S MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL

**BEFORE THE COURT** is the [321] Motion for Leave to File Certain Exhibits Under Seal[1] filed by the defendant Chevron U.S.A. Inc. pursuant to Local Rule 79. For the reasons set forth below, the motion is well-taken and will be granted.

Under the [32, 104] Protective Orders entered by the Court parties may designate as "Confidential" any materials containing sensitive and proprietary

---

[1] The Court construes Chevron's Motion as a Motion to Restrict Access, because Chevron wishes for the parties to this litigation to have access to the exhibits.

information. Once a document is so designated, it generally may not be disclosed to parties outside of the litigation. Per the Protective Orders, all "Confidential" all documents filed with the Court must be filed under seal.

On August 16, 2018, Chevron filed its [298] Motion for Summary Judgment. In it, Chevron relied on a portion of a Maximo Work Order ("Work Order") and excerpts from the Master Product and Services Agreement ("Contract") between Chevron and Mobley Industrial Services, Inc. ("Mobley").[2]

Chevron produced the Work Order and Contract through discovery well over a year ago, designating both documents "Confidential." Chevron chose to designate the materials as "Confidential" because, it claims, the Work Order contains sensitive information regarding Chevron's internal operations, while the Contract details confidential business arrangements and pricing data between Chevron and one of its vendors, Mobley. To date, no one has contested Chevron's "Confidential" designation of these documents.

Courts have recognized a common-law right to inspect and access certain court records. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). This common-law rule establishes a presumption of public access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). But it is well established that "'[e]very court has supervisory power over its own records and files, and access

---

[2] The documents at issue in the present motion were identified as Exhibits "A" and C" in Chevron's Motion for Summary Judgment, but they were not conventionally filed with the Court, pursuant to the dictates of the Protective Order.

has been denied where court files might have become a vehicle for improper purposes.'" *Van Waeyenberghe*, 990 F.2d at 849 (quoting *Nixon*, 435 U.S. at 598).

Federal courts routinely limit the public's access to commercially sensitive and proprietary information. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999). Otherwise a competitor could use such information for the improper purpose of obtaining a business advantage over the disclosing party. *See* Local Rule 79; *PIC Group, Inc. v. Landcoast Insulation, Inc.*, No. 1:09cv662-KS-MTP, 2010 WL 4791710 (S.D. Miss. Nov. 18, 2010) ("The Uniform Local Rules allow parties to file sensitive documents under seal."); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, No. 97-3012, 1998 WL 186728, *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers); *Shell Expl. & Prod. Co. v. Robinson*, No. 01-1417, 2001 WL 1490954, *1 (E.D. La. Nov. 21, 2001) (granting motion to seal portion of trial transcript containing confidential technological information).

The Court finds that the documents at issue contain commercially sensitive and proprietary information. Public disclosure of this information would likely cause harm if competitors were able to acquire and exploit it. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999). The Court's files should not be a vehicle for this potentially improper purpose. *Van Waeyenberghe*, 990 F.2d at 849. The nature and prevalence of confidential and proprietary

information in the documents makes other measures for preventing public disclosure impracticable, and the documents should therefore be sealed from public access in their entirety, with CM/ECF access permitted to the litigants' counsel. Thus, the Court finds that Chevron's motion to seal should be granted in its entirety.

**IT IS, THEREFORE, ORDERED** that Defendant Chevron U.S.A. Inc.'s [321] Motion Seal, which this Court has construed as a Motion to Restrict Access. The Clerk of the Court is directed to restrict, until further order from this Court, access to Exhibits "A" and "C" to Chevron's [298] Motion for Summary Judgment so that such documents are accessible only to the Court and the Parties.

**SO ORDERED AND ADJUDGED** this the 31st day of August, 2018.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge