# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| IVAN RODRIGUEZ and SELENA RODRIGUEZ | PLAINTIFFS |
| v. | CAUSE NO. 1:16CV391-LG-RHW |
| UNITED RENTALS (NORTH AMERICA), INC.; CHEVRON U.S.A., INC.; SHIELD RESTRAINT SYSTEMS, INC.; CNH INDUSTRIAL AMERICA, LLC; BURLINGTON INSTALLATION CORP.; and JOHN DOES A, B, C, and D | DEFENDANTS |
| and | |
| MOBLEY SAFWAY SOLUTIONS, LLC, formerly known as Mobley Industrial Services, Inc.; and CHUBB, formerly known as ACE American Insurance Company | INTERVENORS |

## ORDER GRANTING PLAINTIFFS' MOTION TO RESTRICT ACCESS

**BEFORE THE COURT** is the [326] Motion to Restrict Access to Exhibit filed by the Plaintiffs pursuant to Local Rule 79. For the reasons set forth below, the Motion is well-taken and will be granted.

1. Under the Protective Order entered by the Court, parties may designate as "Confidential" materials containing commercially sensitive and proprietary information. (*See* Protective Orders at ¶ 1, ECF Nos. 32 and 104.) Once a document is so designated, it generally may not be disclosed to parties outside of the

litigation unless a change in designation occurs.  (*Id.* at ¶¶ 1, 6.)  Per the Protective Orders, all "Confidential" documents must be filed under seal.  (*Id.* at ¶ 4.)

2.  On August 31, 2018, Plaintiffs filed their [325]  Response and Memorandum in Opposition to Chevron U.S.A., Inc.'s [298] Motion for Summary Judgment.  In it, Plaintiffs relied on excerpts from the Master Contractor Services and Equipment Lease Contract No. CW980469 between Chevron and United Rentals.[1]

3.  Chevron produced the Contract through discovery and designated it as "Confidential."  Chevron has represented that it chose this designation because the Contract details confidential business arrangements and pricing data between Chevron and one of its vendors.  To date, no one has contested Chevron's "Confidential" designation of this document.

4.  Plaintiffs acknowledge that Courts have recognized a common-law right to inspect and access certain court records.  *See SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).  This common-law rule establishes a presumption of public access to judicial records.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  But it is well-established that "'[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.'" *Van Waeyenberghe*, 990 F.2d at 849 (quoting *Nixon*, 435 U.S. at 598).

---

[1] The document at issue in the present Motion was identified as Exhibit "2" in Plaintiffs' Memorandum but was not conventionally filed with the Court, pursuant to the dictates of the Protective Order.

5. Plaintiffs also acknowledge that federal courts routinely limit the public's access to commercially sensitive and proprietary information. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999). Plaintiffs are aware of the concern of businesses like Chevron that a competitor could use such information for the improper purpose of obtaining a business advantage over the disclosing party. *See* Local Rule 79; *PIC Group, Inc. v. Landcoast Insulation, Inc.*, No. 1:09cv662-KS-MTP, 2010 WL 4791710 (S.D. Miss. Nov. 18, 2010) ("The Uniform Local Rules allow parties to file sensitive documents under seal."); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, No. 97-3012, 1998 WL 186728, *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers); *Shell Expl. & Prod. Co. v. Robinson*, No. 01-1417, 2001 WL 1490954, *1 (E.D. La. Nov. 21, 2001) (granting motion to seal portion of trial transcript containing confidential technological information).

6. The Court finds that the document at issue contains commercially sensitive and proprietary information and finds that the Motion to Restrict Access should be granted in its entirety.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' [326] Motion to Restrict Access is **GRANTED**. The Clerk of the Court is directed to restrict, until further order from this Court, access to Exhibit "2" to Plaintiffs' [325] Response and

Memorandum in Opposition to Chevron U.S.A. Inc.'s [298] Motion for Summary Judgment so that such document is accessible only to the Court and the Parties.

**SO ORDERED AND ADJUDGED** this the 31st day of August, 2018.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge